# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, *ex rel.* KATHLEEN JENNINGS, Attorney General of the State of Delaware,<br><br>*Plaintiff*,<br><br>v.<br><br>BP AMERICA INC., BP P.L.C., CHEVRON CORPORATION, CHEVRON U.S.A. INC., CONOCOPHILLIPS, CONOCOPHILLIPS COMPANY, PHILLIPS 66, PHILLIPS 66 COMPANY, EXXON MOBIL CORPORATION, EXXONMOBIL OIL CORPORATION, XTO ENERGY INC., HESS CORPORATION, MARATHON OIL CORPORATION, MARATHON OIL COMPANY, MARATHON PETROLEUM CORPORATION, MARATHON PETROLEUM COMPANY LP, SPEEDWAY LLC, MURPHY OIL CORPORATION, MURPHY USA INC., ROYAL DUTCH SHELL PLC, SHELL OIL COMPANY, CITGO PETROLEUM CORPORATION, TOTAL S.A., TOTAL SPECIALTIES USA INC., OCCIDENTAL PETROLEUM CORPORATION, DEVON ENERGY CORPORATION, APACHE CORPORATION, CNX RESOURCES CORPORATION, CONSOL ENERGY INC., OVINTIV, INC., and AMERICAN PETROLEUM INSTITUTE,<br><br>*Defendants.* | C.A. No. 1:20-cv-01429-LPS |

**MOTION TO REMAND TO STATE COURT**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE that Plaintiff the State of Delaware ("the State") hereby respectfully moves the Court for an Order pursuant to 28 U.S.C. § 1447(c) to remand this matter to the Superior Court of the State of Delaware, New Castle County. Pursuant to the parties' First Stipulation and [Proposed] Order to Modify Briefing Schedules and Page Limits (Dkt. 76, filed Nov. 5, 2020), and the Court's order granting same (entered Nov. 5, 2020) (collectively, "Stipulation and Order"), the State shall file its Memorandum of Points and Authorities in Support of its Motion to Remand by January 5, 2021.

As grounds for this motion, the State asserts that removal was improper because the State's Complaint does not raise any federal claims, and the Delaware Superior Court is the appropriate forum for adjudicating the exclusively state-law claims brought by the State. Defendants have not satisfied their burden to establish this Court's jurisdiction under any of the bases cited in Defendant Chevron's Notice of Removal (Dkt. No. 1): 28 U.S.C. §§ 1331, 1332(d), 1367(a), 1441(a), 1442, and 1446, and 43 U.S.C. § 1349(b).

- **28 U.S.C. §§ 1331 & 1441.** This Court lacks jurisdiction over the subject matter of this case because the State solely alleges violations of state law under the Delaware Consumer Fraud Act and state common law. The Complaint asserts no federal law claims, and no claim in the State's well-

2

pleaded Complaint arises under the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, as required for removal under 28 U.S.C. §§ 1441(a). Nor does the Complaint necessarily raise disputed, substantial questions of federal law sufficient to create federal question jurisdiction. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). Moreover, the State's claims are not completely preempted by any federal law, and federal common law does not confer subject matter jurisdiction over the State's claims.

- **28 U.S.C. § 1332(d).** The Class Action Fairness Act ("CAFA") does not provide jurisdiction because this is not a "class action," and CAFA does not apply to law enforcement actions like this one, brought by the State using its *parens patriae* power.

- **28 U.S.C. § 1442.** The case is not removable pursuant to 28 U.S.C. § 1442, because in carrying out the acts that are the subject of the State's Complaint, Defendants are not federal officers or persons acting under federal officers in performing some act under color of federal office, and any acts Defendants have conducted under a federal superior are not related or connected to the State's claims.

- **43 U.S.C. § 1349(b).** The case is not removable pursuant to the Outer Continental Shelf Lands Act because it does not "aris[e] out of, or in

3

connection with . . . any operation conducted on the Outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the Outer Continental Shelf, or which involves rights to such minerals," within the meaning of that provision.

- **U.S. Const., art. I, § 8, cl. 17.** Nor is the case removable on the ground that some of the alleged injuries arose, or alleged conduct occurred, on "federal enclaves." The Complaint expressly disclaims injuries arising on federal property, and thus the State's claims did not arise on any federal enclave.

Briefing on these matters will follow pursuant to the schedule set forth in the Stipulation and Order.

Respectfully submitted,

Dated:  November 20, 2020

/s/ *Christian Douglas Wright*
Christian Douglas Wright (#3554)
Director of Impact Litigation
Jameson A.L. Tweedie (#4927)
Special Assistant Deputy Attorney General
Ralph K. Durstein III (#0912)
Deputy Attorney General
DELAWARE DEPARTMENT OF JUSTICE
820 N. French Street
Wilmington, DE 19801
(302) 577-8600
christian.wright@delaware.gov
jameson.tweedie@delaware.gov

4

        ralph.durstein@delaware.gov

        Victor M. Sher, *pro hac vice*
        Matthew K. Edling, *pro hac vice*
        Adam M. Shapiro, *pro hac vice*
        Nicole E. Teixeira, *pro hac vice*
        SHER EDLING LLP
        100 Montgomery Street, Suite 1410
        San Francisco, CA 94104
        (628) 231-2500
        vic@sheredling.com
        matt@sheredling.com
        adam@sheredling.com
        nicole@sheredling.com

        *Attorneys for Plaintiff*