## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, *ex rel.* KATHLEEN JENNINGS, Attorney General of the State of Delaware,<br><br>Plaintiff,<br><br>v.<br><br>BP AMERICA INC., BP P.L.C., CHEVRON CORPORATION, CHEVRON U.S.A. INC., CONOCOPHILLIPS, CONOCOPHILLIPS COMPANY, PHILLIPS 66, PHILLIPS 66 COMPANY, EXXON MOBIL CORPORATION, EXXONMOBIL OIL CORPORATION, XTO ENERGY INC., HESS CORPORATION, MARATHON OIL CORPORATION, MARATHON OIL COMPANY, MARATHON PETROLEUM CORPORATION, MARATHON PETROLEUM COMPANY LP, SPEEDWAY LLC, MURPHY OIL CORPORATION, MURPHY USA INC., ROYAL DUTCH SHELL PLC, SHELL OIL COMPANY, CITGO PETROLEUM CORPORATION, TOTAL S.A., TOTAL SPECIALTIES USA INC., OCCIDENTAL PETROLEUM CORPORATION, DEVON ENERGY CORPORATION, APACHE CORPORATION, CNX RESOURCES CORPORATION, CONSOL ENERGY INC., OVINTIV, INC., and AMERICAN PETROLEUM INSTITUTE,<br><br>Defendants. | Civil Action No. 20-cv-01429-LPS |

## BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION
## TO STAY EXECUTION OF REMAND ORDER PENDING APPEAL

## <u>TABLE OF CONTENTS</u>

NATURE AND STAGE OF PROCEEDINGS ........................................................................1

SUMMARY OF ARGUMENT ...........................................................................................1

CONCISE STATEMENT OF FACTS AND BACKGROUND ........................................................4

LEGAL STANDARD.....................................................................................................7

ARGUMENT ...............................................................................................................8

      I.     Defendants' Appeal Raises Serious Legal Questions About Federal Jurisdiction Over Climate Change-Related Claims.................................................................8

      II.    Defendants Will Suffer Irreparable Harm Absent a Stay. ....................................15

      III.   The Balance of Harms Tilts Sharply in Defendants' Favor...................................18

CONCLUSION.............................................................................................................20

# TABLE OF AUTHORITIES

**Cases**

*Baker v. Atl. Richfield Co.*,
   962 F.3d 937 (7th Cir. 2020) ................................................................14

*Baltimore. City of Annapolis v. BP P.L.C.*,
   2021 WL 2000469 (D. Md. May 19, 2021) ...............................................6, 7, 19

*In re: Bayou Shores SNE, LLC*,
   2015 WL 6502704 (M.D. Fla. Oct. 27, 2015) .............................................9

*BP P.L.C. v. Mayor & City Council of Baltimore*,
   141 S. Ct. 1532 (2021) ...................................................................5, 6, 7

*Buljic v. Tyson Foods, Inc.*,
   --- F.4th ---, 2021 WL 6143549 (8th Cir., Dec. 30, 2021) ................................3, 13

*City of Hoboken v. Exxon Mobil Corp.*,
   No. 20-CV-14243, 2021 WL 4077541 (D.N.J. Sept. 8, 2021) .................................5

*City of Milwaukee v. Illinois & Michigan*,
   451 U.S. 304 (1981) .....................................................................10

*City of New York v. Chevron Corp.*,
   993 F.3d 81 (2d Cir. 2021) .............................................................3, 6, 10, 11

*County Board of Arlington County, Virginia v. Express Scripts Pharmacy, Inc.*,
   996 F.3d 243 (4th Cir. 2021) ...........................................................3, 13

*Dalton v. Walgreen Co.*,
   2013 WL 2367837 (E.D. Mo. May 29, 2013) .............................................19

*E.O.H.C. v. Secretary, U.S. Department of Homeland Security*,
   950 F.3d 177 (3d Cir. 2020) ............................................................3, 12

*Est. of Campbell by Campbell v. S. Jersey Med. Ctr.*,
   732 F. App'x 113 (3d Cir. 2018) .......................................................12

*Ford Motor Co. v. Montana Eighth Judicial District Court*,
   141 S. Ct. 1017 (2021) .................................................................3, 15

*Forty Six Hundred LLC v. Cadence Educ., LLC*,
   15 F.4th 70 (1st Cir. 2021) ............................................................2, 16

*Guenveur v. State Farm Mut. Auto. Ins. Co.*,
   551 F. Supp. 1044 (D. Del. 1982) .......................................................20

*Home Depot U.S.A., Inc. v. Jackson*,
    139 S. Ct. 1743 (2019) ..................................................................................................12

*Illinois v. City of Milwaukee*,
    406 U.S. 91 (1972) .....................................................................................................9, 10

*Indiana State Dist. Council of Laborers & Hod Carriers Pension Fund v. Renal Care Grp., Inc.*,
    2005 WL 2237598 (M.D. Tenn. Sept. 12, 2005) ..........................................................16

*Jarbough v. Atty. Gen.*,
    483 F.3d 184 (3d Cir. 2007)...........................................................................................12

*Jock v. Sterling Jewelers, Inc.*,
    738 F. Supp. 2d 445 (S.D.N.Y. 2010).............................................................................8

*Estate of Joseph Maglioli v. Andover Subacute Rehab. Ctr.*,
    2021 WL 2525714 (D.N.J. June 18, 2021) ....................................................................18

*Kennecott Corp. v. Smith*,
    637 F.2d 181 (3d Cir. 1980)...........................................................................................17

*Maglioli v. All. HC Holdings LLC*,
    16 F.4th 393 (3d Cir. 2021) .....................................................................................12, 14

*Maxcrest Ltd. v. United States*,
    2016 WL 6599463 (N.D. Cal. Nov. 7, 2016) ..................................................................8

*Mayor & City Council of Baltimore v. BP P.L.C.*,
    Civ. No. 18-4219 (Md. Cir. Ct. May 28, 2021) ..............................................................7

*Minard Run Oil Co. v. U.S. Forest Serv.*,
    670 F.3d 236 (3d Cir. 2011), *as amended* (Mar. 7, 2012) ......................................18, 19

*Minnesota v. American Petroleum Institute*,
    2021 WL 3711072 (D. Minn. Aug. 20, 2021) ......................................2, 6, 11, 17, 19, 20

*Moutevelis v. United States*,
    564 F. Supp. 1554 (M.D. Pa. 1983), *aff'd*, 727 F.2d 313 (3d Cir. 1984) ......................8

*Nasr v. Hogan*,
    2008 WL 2367206 (M.D. Pa. June 6, 2008)....................................................................9

*Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*,
    471 U.S. 845 (1985).......................................................................................................12

*Native Village of Kivalina v. ExxonMobil Corp.*,
    663 F. Supp. 2d 863 (N.D. Cal. 2009), *aff'd*, 696 F.3d 849 (9th Cir. 2012) ...............14

*Nken v. Holder*,
556 U.S. 418 (2009)...................................................................................18

*Northrop Grumman Tech. Servs., Inc. v. DynCorp. Int'l, LLC*,
2016 WL 3346349 (E.D. Va. June 16, 2016) ..........................................4, 16, 18, 19

*Nw. Airlines v. E.E.O.C.*,
1980 WL 4650 (D.C. Cir. Nov. 10, 1980) ..........................................................3, 8

*Papp v. Fore-Kast Sales Co.*,
842 F.3d 805 (3d Cir. 2016).........................................................................14

*Providence Journal Co. v. Fed. Bureau of Investigation*,
595 F.2d 889 (1st Cir. 1979)........................................................................16

*Raskas v. Johnson & Johnson*,
2013 WL 1818133 (E.D. Mo. Apr. 29, 2013)...........................................................19

*Rennie v. Klein*,
481 F. Supp. 552 (D.N.J. 1979) .......................................................................9

*Rescigno v. Statoil USA Onshore Properties Inc.*,
2020 WL 4473004 (M.D. Pa. Aug. 4, 2020) ............................................................9

*Revel AC, Inc. v. IDEA Boardwalk LLC*,
802 F.3d 558 (3d Cir. 2015)..........................................................................8

*Rhines v. Weber*,
544 U.S. 269 (2005)..................................................................................7

*Rhode Island v. Chevron Corp.*,
393 F. Supp. 3d 142 (D.R.I. 2019), *appeal pending* (1st Cir. 2021) ....................................12

*Sam L. Majors Jewelers v. ABX, Inc.*,
117 F.3d 922 (5th Cir. 1997) ........................................................................12

*Singer Mgmt. Consultants, Inc. v. Milgram*,
650 F.3d 223 (3d Cir. 2011)..........................................................................8

*St. John v. Affinia Grp., Inc.*,
2009 WL 1586503 (D.N.J. June 8, 2009) ..............................................................7

*Summa Four, Inc. v. AT&T Wireless Servs., Inc.*,
994 F. Supp. 575 (D. Del. 1998)......................................................................20

*Treiber & Straub, Inc. v. U.P.S., Inc.*,
474 F.3d 379 (7th Cir. 2007) ........................................................................12

*In re Voluntary Purchasing Groups, Inc.*,
    196 F.3d 1258, 1999 WL 800198 (5th Cir. 1999) ...................................................................16

*Watson v. Philip Morris Companies, Inc.*,
    551 U.S. 142 (2007)...........................................................................................................13

**Statutes**

28 U.S.C. § 1331 .............................................................................................................4, 10, 12

28 U.S.C. § 1332 ........................................................................................................................4

28 U.S.C. § 1367 ........................................................................................................................4

28 U.S.C. § 1446 ........................................................................................................................4

28 U.S.C. § 1441 ...................................................................................................................4, 10

28 U.S.C. § 1442 .....................................................................................................................1, 4

28 U.S.C. § 1447 ..................................................................................................................1, 5, 16

43 U.S.C. § 1332 ......................................................................................................................14

43 U.S.C. § 1349 ...................................................................................................................4, 15

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff initiated this action in the Superior Court of Delaware on September 10, 2020. D.I. 1-1.  Defendants timely removed the case to this Court on October 23, 2020, D.I. 1, and Plaintiff moved to remand on November 20, 2020, D.I. 86.  On January 5, 2022, the Court granted Plaintiff's motion to remand.  D.I. 121.  Defendants have appealed that order to the Third Circuit and will raise several serious legal questions of first impression that the Third Circuit is poised to address in this appeal, as well as another currently pending appeal.  *See* D.I. 124.  For the reasons explained below, Defendants now move this Court to stay the execution of its remand order until the Third Circuit resolves Defendants' appeal.[1]

## SUMMARY OF ARGUMENT

1.      To preserve the full effectiveness of Defendants' appellate rights and spare the parties and the Delaware Superior Court from what could be a substantial amount of unnecessary and ultimately futile litigation, Defendants respectfully request that the Court stay execution of its Remand Order until the Third Circuit has determined whether this action was properly removed to federal court.  Defendants have an appeal as of right because they removed this case in part under the federal officer removal statute, 28 U.S.C. § 1442.  *See* 28 U.S.C. § 1447(d).  As the Court's Remand Order correctly noted, "the Third Circuit has not [yet] decided" the removability of climate change-related cases, Remand Opinion at 29, but these matters are squarely presented and pending before the Third Circuit in *City of Hoboken v. Exxon Mobil Corp., et al.*, No. 21-2728 (3d Cir.)**,** and in this very case, *see* D.I. 124 (Defendants' Notice of Appeal).  It would be prudent to await a decision from the Third Circuit before proceeding further, because the propriety of

---

[1]  By filing this motion, Defendants do not waive any right, defense, affirmative defense, or objection, including any challenges to personal jurisdiction over Defendants.

removal turns on issues of first impression that the Third Circuit has not yet addressed (but will soon address) and staying the case pending appeal will preserve both the parties' and the courts' resources.

2.      Over the past four years, over 20 state and municipal entities have filed similar climate change actions in courts across the country, all of which involve significant national interests.  In light of these significant national interests, this Court should stay these proceedings so that the Third Circuit can address these issues of first impression.  As Judge Vazquez recently explained in granting a stay in a related case:  "Given Defendants' clear right to have the Third Circuit review the Remand Order, returning the case now could *defeat the very purpose of appellate review*."  *City of Hoboken v. Exxon Mobil Corp., et al.*, No. 20-cv-14243, Dkt. 133 at 5 (D.N.J. Dec. 15, 2021) ("Hoboken Stay Order") (emphasis added).  The First Circuit has similarly cautioned that "allowing a district court to render the permitted appeal nugatory by prematurely returning the case to the state court would defeat the very purpose of permitting an appeal and leave a defendant who prevails on appeal holding an empty bag" and explained that "[n]either Supreme Court precedent nor our own case law demands so illogical a result."  *Forty Six Hundred LLC v. Cadence Educ., LLC*, 15 F.4th 70, 79 (1st Cir. 2021) (emphasis added).  Appellate review is particularly important here because, as the District of Minnesota explained in granting a stay, these climate change-related "action[s] raise[] weighty and significant questions that intersect with rapidly evolving areas of legal thought."  *Minnesota v. American Petroleum Institute*, 2021 WL 3711072, at *2 (D. Minn. Aug. 20, 2021).  This is why multiple federal courts across the country, including in New Jersey, Connecticut, Minnesota, Maryland, and California, all have granted stays pending appellate review in these climate change-related cases.  This Court should do the same.

3.      Defendants have a reasonable probability of prevailing on appeal as to each of the

asserted removal grounds.  That each ground raises an issue of first impression in the Third Circuit alone warrants a stay.  *See, e.g.*, *Nw. Airlines v. E.E.O.C.*, 1980 WL 4650, at *1 (D.C. Cir. Nov. 10, 1980) (per curiam).  Moreover, recent decisions from the Supreme Court and courts of appeals demonstrate that there is ample room for disagreement on several of the removal grounds at issue. The Second Circuit's decision in *City of New York v. Chevron Corp.*, 993 F.3d 81 (2d Cir. 2021), strongly supports Defendants' argument that Plaintiff's purported state law claims in fact "arise under" federal law.  And although the Third Circuit has not yet addressed whether federal common law provides a basis for removal, it has already held that "because federal common law is federal law, disputes governed by it 'arise under the . . . laws . . . of the United States,'" and provide federal-question jurisdiction.  *E.O.H.C. v. Secretary, U.S. Department of Homeland Security*, 950 F.3d 177, 192 (3d Cir. 2020).  The Fourth Circuit's decision in *County Board of Arlington County, Virginia v. Express Scripts Pharmacy, Inc.*, 996 F.3d 243 (4th Cir. 2021), supports removal under the federal officer removal statute.  So too does the Eighth Circuit's recent decision confirming that removal is warranted where, as here, "a private contractor provided the government with a product that it needed or performed a job that the government would otherwise have to perform." *Buljic v. Tyson Foods, Inc.*, --- F.4th ---, 2021 WL 6143549, at *5 (8th Cir., Dec. 30, 2021).  And based on the Supreme Court's decision in *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017 (2021), the Third Circuit is likely to hold that but-for causation is not required for removal jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA").  These and other serious legal questions presented by Defendants' appeal favor a stay.

4.      Absent a stay, Defendants will be irreparably injured, whereas a stay would harm neither Plaintiff nor the public.  If a stay is denied, the Delaware Superior Court might commence proceedings on the merits while the Third Circuit is still considering the proper forum for this case.

Such dual proceedings would raise a "rat's nest of comity and federalism issues" if the Third Circuit ultimately reverses the Remand Order after months (or even years) of litigation in state court, during which time the state court might have invested substantial time and resources and made numerous substantive rulings. *Northrop Grumman Tech. Servs., Inc. v. DynCorp. Int'l, LLC*, 2016 WL 3346349, at *4 (E.D. Va. June 16, 2016). The risk of such "nightmarish procedural complications arising from parallel proceedings in state and federal court . . . weighs in favor of a stay." *Id.*

5. Allowing litigation to proceed in state court while the parties are before the Third Circuit would also undermine and potentially frustrate Defendants' appellate rights, risk inconsistent rulings, unduly complicate this litigation, and impose needless substantial costs and resource burdens on the courts and parties alike. Staying the Remand Order, on the other hand, would not prejudice Plaintiff and would avoid irreparable harm to Defendants, conserve judicial resources, and serve the interests of judicial efficiency.

6. For these reasons, the Court should follow the lead of several other courts in climate-related cases and grant a stay to allow the Third Circuit the opportunity to consider and rule on matters of first impression that bear on the Court's Remand Order. At a minimum, if the Court decides not to grant a stay pending appeal, the Court should enter a brief stay of the Remand Order to enable Defendants to seek a stay pending appeal from the Third Circuit.

## CONCISE STATEMENT OF FACTS AND BACKGROUND

On September 9, 2020, the State of Delaware filed a Complaint in Delaware Superior Court. D.I. 1-1. On October 23, 2020, Defendants timely removed the case pursuant to 28 U.S.C. §§ 1331, 1332(d), 1367(a), 1441(a), 1442, and 1446, and 43 U.S.C. § 1349(b). D.I. 1. On November 20, 2020, Plaintiff filed a motion to remand to state court, D.I. 86, which the Court granted on January 5, 2022, D.I. 121.

In the meantime, on May 17, 2021, the Supreme Court issued its decision in *BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532 (2021), holding that 28 U.S.C. § 1447(d) "permit[s] a court of appeals to review any issue in a district court order remanding a case to state court where the defendant premised removal in part on the federal-officer removal statute." 141 S. Ct. at 1536. Before *Baltimore*, most appellate courts had refused to exercise jurisdiction under § 1447(d) to review a district court's remand order beyond the federal officer ground, which limited the scope of appellate review. In light of *Baltimore*, this Court's Remand Order will be subject to plenary appellate review in the Third Circuit on one or more grounds that most appellate courts have not yet addressed in climate change-related cases.[2] A remand order in a parallel case, *City of Hoboken v. Exxon Mobil Corp.*, No. 20-CV-14243, 2021 WL 4077541, at *1 (D.N.J. Sept. 8, 2021), is also being reviewed by the Third Circuit, *City of Hoboken v. Exxon Mobil Corp., et al.*, No. 21-2728 (3d Cir.). Briefing will be complete in that appeal as of January 14, 2022.

Recognizing the fundamental shift in the law precipitated by *Baltimore*, multiple federal courts have issued stays pending appellate review of remand orders issued in similar climate suits filed in other jurisdictions. Most recently, Judge Vazquez of the District of New Jersey stayed his remand order pending appeal to the Third Circuit. *See* Hoboken Stay Order. The court found that "consideration of judicial economy and conservation of resources . . . weigh[ed] in favor of" entering a stay pending appeal, and that "returning the case to state court now could defeat the very purpose of appellate review." *Id.* at 5. Rejecting the plaintiff's argument that concurrent litigation in state and federal court would be a mere "'inconvenience,'" the court stated that

---

[2] Several other courts of appeals, including the First, Fourth, Eighth, Ninth, and Tenth Circuits, are now considering or will soon consider for the first time some of these additional grounds for removal of climate change-related cases, after having declined to review them in previous appeals.

"[f]orcing the parties to litigate" in this manner could "require a state court (and the parties) to needlessly expend resources."  *Id.*  The court explained that regardless of its conclusion on removability, "the matter is clearly complex both factually and legally," and that complexity "weighs in favor" of a stay.  *Id.* at 5–6.

Similarly, Chief Judge Tunheim of the District of Minnesota stayed execution of his remand order pending appeal in a similar climate change-related case, concluding that "this action raises *weighty and significant questions* that intersect with rapidly evolving areas of legal thought." *Minnesota*, 2021 WL 3711072, at *2 (emphasis added).  The court found that "the Second Circuit's decision in *City of New York* provides a legal justification for addressing climate injuries through the framework of federal common law," *id.*, and "the *Baltimore* decision increases the likelihood that an appellate court will determine that certain climate change claims arise exclusively under federal law," *id.* at *3.  The court also noted that this "is not a case of applying thoroughly developed law to well-tread factual patterns; when it comes to questions of the proper forum for adjudicating harms related to climate change, 'the legal landscape is shifting beneath [our] feet.'" *Id.* at *4.  For these and other reasons, the court concluded:  "Considerations of judicial economy and conservation of resources also weigh in favor of staying execution of the remand order as the Eighth Circuit determines whether the state or federal court has jurisdiction over this matter."  *Id.*

The District of Maryland also stayed proceedings in a similar action pending the Fourth Circuit's decision on remand in *Baltimore*.  *City of Annapolis v. BP P.L.C.*, 2021 WL 2000469 (D. Md. May 19, 2021).  The district court rejected the City of Annapolis's arguments opposing a stay for the "simple but important reason" that the "Fourth Circuit's ruling on remand in the *Baltimore Case* is not a foregone conclusion," since a number of the jurisdictional arguments at issue there (many of which are at issue here) "raise novel questions of law on which the [court of appeals] has

yet to opine." *Id.* at *4.  The *Annapolis* court also rejected the argument that the alleged exigencies of climate change weigh against a stay, reasoning that "the outcome of this lawsuit cannot turn back the clock on the atmospheric and ecological processes that defendants' activities have allegedly helped set in motion.  The urgency of the threat of climate change writ large is distinct from plaintiff's interest in a speedy determination of federal jurisdiction in this suit."  *Id.*

Even before *Baltimore*, district courts had stayed remand orders pending appeal in climate change-related actions.  For example, Judge Chhabria of the Northern District of California stayed execution of his remand order pending appeal to the Ninth Circuit after finding that there were "controlling questions of law as to which there is substantial ground for difference of opinion and that their resolution by the court of appeals will materially advance the litigation."  *County of San Mateo v. Chevron Corp. et al.*, No. 17-cv-4929 (N.D. Cal.), Dkt. 240.  Proceedings in a number of other state and federal cases have been stayed pending further appellate review.[3]

## **LEGAL STANDARD**

District courts have the authority to stay entry of an order or judgment.  *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays . . . where such a stay would be a proper exercise of discretion.") (internal citations omitted).  This includes the authority to stay remand orders pending appeal.  *See, e.g.*, *St. John v. Affinia Grp., Inc.*, 2009 WL 1586503, at *2 (D.N.J. June 8, 2009) (holding that "a stay of the remand order

---

[3] *See* Order, *Pac. Coast Fed'n of Fishermen's Assocs., Inc. v. Chevron Corp.*, No. 18-cv-07477 (N.D. Cal. Jan. 2, 2019), Dkt. 91; Order, *City of Charleston v. Brabham Oil Co.*, No. 20-cv-3579 (D.S.C. May 27, 2021), Dkt. 121; Order Staying Case & Pending Motions, *Mayor & City Council of Baltimore v. BP P.L.C.*, Civ. No. 18-4219 (Md. Cir. Ct. May 28, 2021); Stipulation & Order Staying Proceedings, *Anne Arundel County v. BP P.L.C.*, No. 21-cv-1323 (D. Md. June 1, 2021), Dkt. 19; Order Granting Motion to Stay, *Board of County Commissioners of Boulder County v. Suncor Energy (U.S.A.), Inc.*, Civ. No. 18-30349 (Colo. Dist. Ct. June 29, 2021); Order Granting Defendants' Motion to Stay, *Board of County Commissioners of San Miguel County v. Suncor Energy (U.S.A.) Inc.*, Civ. No. 21-150 (Colo. Dist. Ct. July 14, 2021).

pending appeal is warranted").

In deciding whether to enter a stay, courts in the Third Circuit use a four-factor standard. Under that standard, courts consider "(1) whether the stay applicant has made a 'strong' showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Revel AC, Inc. v. IDEA Boardwalk LLC*, 802 F.3d 558, 568 (3d Cir. 2015) (alteration omitted).  To establish a "'strong' likelihood of success on the merits," the moving party need show only that there "is a reasonable chance, or probability of winning." *Id.* at 568 (internal quotation marks omitted).  "[T]he likelihood of winning on appeal need not be 'more likely than not.'" *Id.* at 569 (quoting *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (en banc)).

## **ARGUMENT**

### I.     **Defendants' Appeal Raises Serious Legal Questions About Federal Jurisdiction Over Climate Change-Related Claims.**

Defendants have a reasonable likelihood of success on the merits because the question whether climate change-related claims nominally pleaded under state law are removable to federal court presents several issues of first impression in the Third Circuit.  It is well established that questions of first impression raised in an appeal favor a stay.  *See, e.g.*, *Moutevelis v. United States*, 564 F. Supp. 1554, 1556 (M.D. Pa. 1983), *aff'd*, 727 F.2d 313 (3d Cir. 1984) (granting a stay pending appeal where district court recognized its "opinion … may well involve issues of first impression in this Circuit"); *Nw. Airlines*, 1980 WL 4650, at *1 ("The stay is ordered in light of the questions of first impression raised by this appeal."); *Maxcrest Ltd. v. United States*, 2016 WL 6599463, at *2 (N.D. Cal. Nov. 7, 2016) (granting stay because defendant made a "sufficient showing that its appeal raises a legal question of first impression"); *Jock v. Sterling Jewelers, Inc.*,

738 F. Supp. 2d 445, 447 (S.D.N.Y. 2010) (finding plaintiffs "sufficiently demonstrated a likelihood of success" where "the plaintiffs' appeal presents an issue of first impression" on which "the Court of Appeals may disagree" with the district court).

A stay is also appropriate because Defendants' appeal presents a host of novel, and potentially complex, issues related to threshold questions of federal jurisdiction. *See Rennie v. Klein*, 481 F. Supp. 552, 555 (D.N.J. 1979) ("[T]ribunals may properly stay their own orders when they have ruled on an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained.") (citation omitted); *Rescigno v. Statoil USA Onshore Properties Inc.*, 2020 WL 4473004, at *2 (M.D. Pa. Aug. 4, 2020) (holding that the likelihood-of-success prong is satisfied where the district court's "decision was based on unsettled precedent or involved a novel area of law"). Recent decisions from the Supreme Court and other federal appellate courts demonstrate that, at a minimum, whether climate change-related cases are subject to federal jurisdiction is an open question with reasonable room for disagreement. Disagreement on such weighty jurisdictional issues plainly warrants a stay. *See Nasr v. Hogan*, 2008 WL 2367206, at *1 (M.D. Pa. June 6, 2008) (granting stay where "jurists of reason could disagree with our conclusion"); *In re: Bayou Shores SNE, LLC*, 2015 WL 6502704, at *1–2 (M.D. Fla. Oct. 27, 2015) (granting stay because there was "disagreement on this issue among other circuit courts and lower courts" and "the Court must acknowledge the debate and that reasonable people could disagree"). Several issues in this case illustrate the point.

***First***, there is a "reasonable chance" that the court of appeals will find that removal was proper because Plaintiff's claims necessarily "arise under" federal common law. The Supreme Court has consistently admonished that "where there is an overriding federal interest in the need for a uniform rule of decision," *Illinois v. City of Milwaukee*, 406 U.S. 91, 105 n.6 (1972)

("*Milwaukee I*"), "state law cannot be used," *City of Milwaukee v. Illinois & Michigan*, 451 U.S. 304, 313 n.7 (1981) ("*Milwaukee II*"). Interstate pollution is one such area: "When we deal with air and water in their ambient or interstate aspects, there is a federal common law." *Id.* (quoting *Milwaukee I*, 406 U.S. at 103). As the Supreme Court explained, "[f]ederal common law and not the varying common law of the individual States is . . . necessary to be recognized as a basis for dealing in uniform standard with the environmental rights of a State against improper impairment by sources outside its domain." *Milwaukee I*, 406 U.S. at 107 n.9.

Citing this "mostly unbroken string of cases . . . appl[ying] federal law to disputes involving interstate air or water pollution," the Second Circuit recently held that materially similar climate change-related claims were necessarily governed by federal law, even though they were pleaded under state law. *City of New York*, 993 F.3d at 91. The court reasoned that climate change "presents a uniquely international problem of national concern [and] is therefore not well-suited to the application of state law," *id.* at 86–87, such that the plaintiff's claims "must be brought under federal common law," *id.* at 95. Because the plaintiff in *City of New York* filed its complaint in federal court, that case did not involve removal. *See id.* at 94. But the Second Circuit's rationale for dismissing the claims on the merits—because they were necessarily governed by federal law— supports removal here. Specifically, the court concluded that claims seeking redress for injuries allegedly caused by interstate emissions, although pleaded under state law, are "federal claims." *Id.* at 95. Such claims, like Plaintiff's claims here, thus arise under federal law for purposes of 28 U.S.C. § 1331 and are removable under 28 U.S.C. § 1441.

The Second Circuit expressly rejected the plaintiff's attempt to reframe its case as focused on anything other than emissions:

> Artful pleading cannot transform the City's complaint into anything other than a suit over global greenhouse gas emissions. It is precisely *because* fossil fuels emit

10

> greenhouse gases—which collectively 'exacerbate global warming'—that the City is seeking damages. Put differently, the City's complaint whipsaws between disavowing any intent to address emissions and identifying such emissions as the singular source of the City's harm. But the City cannot have it both ways.

*Id.* at 91.

So too here. *See, e.g.*, Compl. ¶ 207 (asserting that "production and use of [Defendants'] products . . . is the leading cause of climate change"); *id.* ¶ 2, 4 (alleging that the "extraction, production, and consumption" of oil and gas is "the main driver of the gravely dangerous changes occurring to the global climate"). And while the Second Circuit acknowledged "recent opinions holding that 'state-law claim[s] for public nuisance [brought against fossil fuel companies] do[] not arise under federal law,'" *City of New York*, 993 F.3d at 93, this simply confirms that this issue raises a serious legal question.

To the extent this Court's Remand Order depends on its interpretation of Plaintiff's Complaint as "seek[ing] only relief directed at recovering damages resulting from [Defendants'] alleged disinformation campaign," Remand Opinion at 12, that conclusion *itself* presents a substantial legal question. As the District of Minnesota observed in granting a stay in a similar action, although the Second Circuit case involved claims of "public and private nuisance related explicitly to environmental and infrastructure damage" (which the court considered "markedly different causes of action than the consumer protection and misrepresentation claims" at issue), the Second Circuit decision nevertheless "provides a legal justification for addressing climate change injuries through the framework of federal common law and at least slightly increases the likelihood that Defendants will prevail on their efforts to keep this, and similar actions, in federal court." *Minnesota*, 2021 WL 3711072, at *2.

Moreover, there is a reasonable probability that the Third Circuit will conclude that claims that are necessarily governed by federal common law are subject to federal jurisdiction. Claims

11

are removable if a plaintiff could have invoked a federal court's jurisdiction and "filed its operative complaint in federal court." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019); *see also Maglioli v. All. HC Holdings LLC*, 16 F.4th 393, 406 (3d Cir. 2021) (removal appropriate when "plaintiff could have originally filed the action in federal court"). And it is "well settled" that 28 U.S.C. § 1331's "grant of 'jurisdiction will support claims founded upon federal common law.'" *Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 850 (1985) (citation omitted). Accordingly, in *E.O.H.C.*, the Third Circuit held that a claim at issue was "governed by federal [common] law," and "because federal common law is federal law, disputes governed by it 'arise under the . . . laws . . . of the United States,'" and the Court was vested with federal-question jurisdiction. 950 F.3d at 192 (alterations omitted). Because Plaintiff's claims here are governed by federal common law and could have originally been brought in federal court, removal is appropriate. Multiple courts of appeals have also held that federal common law provides a "permissible basis for jurisdiction based on a federal question." *Treiber & Straub, Inc. v. U.P.S., Inc.*, 474 F.3d 379, 383 (7th Cir. 2007); *see also Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 924, 931 (5th Cir. 1997) (concluding that "removal [was] proper" because plaintiff's pleaded state-law claims "arose under federal common law").[4]

---

[4] It is reasonably likely that Defendants will prevail on the question of how the well-pleaded complaint rule affects the analysis. While some courts have held that the well-pleaded complaint rule requires adhering to the state law labels the plaintiff affixes to its claims, *e.g.*, *Rhode Island v. Chevron Corp.*, 393 F. Supp. 3d 142, 147 (D.R.I. 2019), *appeal pending* (1st Cir. 2021), other courts—including the Third Circuit—have held that it is the *substance* of the claims pleaded, not the Plaintiff's labeling of them as federal or state law claims, that controls whether the well-pleaded complaint asserts a federal cause of action, *e.g.*, *Jarbough v. Atty. Gen.*, 483 F.3d 184, 189 (3d Cir. 2007) ("We are not bound by the label attached by a party to characterize a claim and will look beyond the label to analyze the substance of a claim."); *Est. of Campbell by Campbell v. S. Jersey Med. Ctr.*, 732 F. App'x 113, 116 (3d Cir. 2018) (explaining that what matters in assessing jurisdiction is "the substance of the plaintiff's claims," not "how the plaintiff pled the action").

**Second**, Defendants' appeal will present a serious legal question regarding the propriety of removal under the federal officer removal statute.  In denying removal on this ground, this Court held, in part, that "the issue of whether there is a sufficient 'connection or association' between Plaintiff's claims and Defendants' participation in the OCS lease program" posed a "close call."  Remand Opinion at 20.  Federal officer jurisdiction nonetheless was lacking, the Court held, because Defendants were not "acting under" federal officers.  *Id.* at 21.

There is a reasonable ground for disagreement on the issue of whether Defendants have "acted under" federal officers, especially in light of the Fourth Circuit's decision in *Arlington County*.  There, the Fourth Circuit affirmed removal of a case asserting state-law claims against "opioid manufacturers, distributers [sic] and pharmacies . . . for causing, or contributing to, the opioid epidemic in Arlington County, Virginia."  996 F.3d at 247.  The Fourth Circuit held that the defendants "acted under" federal direction or control because they contracted with the Department of Defense for pharmaceuticals "to 'provide[] medical care to current and retired service members and their families,'" and these contracts were "extensively governed by various federal statutes and regulations."  *Id.* at 249 (citation omitted).  Here, during the relevant period, Defendants similarly provided highly specialized fuels to the Department of Defense and other federal agencies under equally detailed federal requirements.

Moreover, the Eighth Circuit recently confirmed that federal officer removal is warranted where, as here, "a private contractor provided the government with a product that it needed or performed a job that the government would otherwise have to perform."  *Buljic*, 2021 WL 6143549 at *5; *see also Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 153–54 (2007) ("The assistance that private contractors provide federal officers goes beyond simple compliance with the law and helps officers fulfill other basic governmental tasks . . . [that,] in the absence of a

13

contract with a private firm, the Government itself would have had to perform.").  This is exactly what Defendants have done here.  For example, Defendants produce oil and gas from reserves owned by the government from the Outer Continental Shelf at the direction, and under close supervision, of federal officials, in fulfillment of Congress's directive to make those government-owned resources "available for expeditious . . . development."   43 U.S.C. § 1332(3).   And Defendants have produced and supplied large quantities of highly specialized fuels that are required to conform to exact DOD specifications to meet unique operational needs of the U.S. military.  The Third Circuit has held that "[g]overnment contractors are a classic example" of federal-officer direction.  *Maglioli*, 16 F.4th at 405.  Federal contractors "act under" federal officers whenever "the contractors help[] the Government to produce an item that it needed," or "the federal government uses a private corporation to achieve an end it would have otherwise used its own agents to complete."  *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 812 (3d Cir. 2016) (citations and alterations omitted).

There is also a serious legal question whether Plaintiff can disclaim alleged injuries arising from Defendants' provision of fossil fuel products to the federal government, *see* Remand Order at 17–18, particularly when Plaintiff's alleged injuries necessarily arise from the total accumulation of all greenhouse-gas emissions, Plaintiff offers no method to isolate its alleged climate-related injuries from federally-directed conduct, and courts have held there is "no realistic possibility" of doing so.  *Native Village of Kivalina v. ExxonMobil Corp.*, 663 F. Supp. 2d 863, 880 (N.D. Cal. 2009), *aff'd*, 696 F.3d 849 (9th Cir. 2012).  Although no court of appeals has addressed this issue, district courts have been divided, and the Seventh Circuit has held that whether a plaintiff's "injuries flowed from the [defendants'] specific war-time" activities is a "merits questions that a federal court should decide."  *Baker v. Atl. Richfield Co.*, 962 F.3d 937,

945 (7th Cir. 2020).

*Third*, the Third Circuit is reasonably likely to hold that OCSLA confers federal jurisdiction over this case, another issue the court has never considered in the context of a climate change-related action.  OCSLA gives federal district courts original jurisdiction over actions that "aris[e] out of, or in connection with . . . any operation conducted on the Outer Continental Shelf ("OCS") which involves exploration, development, or production of the minerals, of the subsoil and seabed of the Outer Continental Shelf."  43 U.S.C. § 1349(b)(1).  Although this Court held that OCSLA jurisdiction does not exist because Plaintiff's claims do not have a "but for" connection to the OCS operations, Remand Opinion at 26, the Third Circuit has never considered the scope of OCSLA's jurisdictional language.  Moreover, the Supreme Court's decision in *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017 (2021), demonstrates that the Supreme Court interprets the term "connection" in the jurisdictional context to require something less than a causal nexus.  *Id.* at 1026 (declining to require "a strict causal relationship between the defendant's in-state activity and the litigation" for specific jurisdiction).

*Fourth*, there is a reasonable probability that the Third Circuit will sustain *Grable* jurisdiction in light of the substantial federal issues that are actually disputed in this case.  Again, this is a question of first impression because the Third Circuit has never considered whether climate change-related actions are removable under *Grable*.  Adjudicating Plaintiff's claims will require the court to balance the competing interests of environmental protection and economic growth.  And, to the extent Plaintiff's claims rely on allegations of a "disinformation campaign," they necessarily include affirmative federal-law elements governed by the First Amendment that must be addressed and resolved by the court.

## II.   Defendants Will Suffer Irreparable Harm Absent a Stay.

Once the clerk mails the certified copy of the Remand Order to the Delaware Superior

Court, "the State Court may thereupon proceed with such case."  28 U.S.C. § 1447(c).  Absent a

stay of the Remand Order, the parties will proceed simultaneously along at least two tracks:  they

will brief and argue Defendants' appeal from the Remand Order in the Third Circuit, while

litigating the merits of Plaintiff's claims in Delaware Superior Court.  As a result, Defendants will

likely suffer irreparable harm absent a stay in multiple ways.

    ***First***, denying the stay motion could render Defendants' right to appeal hollow if the

Delaware Superior Court issues rulings on the merits before appellate review is completed.  As the

First Circuit stated, "allowing a district court to render the permitted appeal nugatory by

prematurely returning the case to the state court would *defeat the very purpose of permitting an*

*appeal* and leave a defendant who prevails on appeal holding an empty bag.  Neither Supreme

Court precedent nor our own case law demands so illogical a result."  *Forty Six Hundred*, 15 F.4th

at 79; *see also In re Voluntary Purchasing Groups, Inc.*, 196 F.3d 1258, 1999 WL 800198, at *2

(5th Cir. 1999) (per curiam) ("Without a stay . . . [the] appeal will become moot."); *Providence*

*Journal Co. v. Fed. Bureau of Investigation*, 595 F.2d 889, 890 (1st Cir. 1979) ("Meaningful

review entails having the reviewing court take a fresh look at the decision of the trial court before

it becomes irrevocable.").

    Because a final "state court judgment or order could render the appeal meaningless,"

Defendants face "severe and irreparable harm if no stay is issued."  *Northrop Grumman*, 2016 WL

3346349, at *4; *see also Indiana State Dist. Council of Laborers & Hod Carriers Pension Fund v.*

*Renal Care Grp., Inc.*, 2005 WL 2237598, at *1 (M.D. Tenn. Sept. 12, 2005) (granting stay

because if "the case is actually remanded, and the state court proceeds to move it forward, the

appellate right would be an empty one").  As the District of Minnesota found in staying a similar

climate change-related action, "dispositive resolution of the claims pending full appellate review

would constitute a *concrete and irreparable injury*, particularly 'where a failure to enter a stay will result in a meaningless victory in the event of appellate success.'" *Minnesota*, 2021 WL 3711072, at *3 (emphasis added) (citation omitted).  And just last month, the District of New Jersey stayed another climate case, finding that "returning the case now could defeat the very purpose of appellate review."  Hoboken Stay Order at 5.

**Second**, Defendants would be irreparably harmed by conflicting court decisions if they are forced to litigate their federal appeal and the remanded state court action simultaneously.  While the appeal is pending in the Third Circuit, the Delaware Superior Court could rule on various substantive and procedural motions, including dispositive motions that require the adjudication of the parties' claims and defenses.  The court could also decide discovery motions.  And there is a concrete and substantial risk that these motions would be decided differently than they would be in federal court.  For example, Plaintiff may argue that the Delaware Superior Court has different pleading standards or discovery rules than federal courts, raising the possibility that the outcome of these motions in state court would be different than in federal court.

There is no reason to run the risk of conflicting court decisions, and there may be no practical way to un-ring the bell of potential outcomes in state court.  Defendants cannot recover the substantial non-monetary company resources (including significant time and effort by company personnel) that they would need to dedicate to such merits proceedings and are unlikely to recover much (if any) of their burden and expense incurred from potentially needless litigation in state court from the governmental Plaintiff in this case.  Such unrecoverable expenses constitute irreparable harm.  *Kennecott Corp. v. Smith*, 637 F.2d 181, 189 (3d Cir. 1980) (considering "substantial financial costs which are not recoverable" in irreparable harm analysis).  The District of New Jersey recently rejected plaintiff's description of this "two-track litigation merely as an

'inconvenience,'" finding that "[f]orcing the parties to litigate might also require a state court (and the parties) to needlessly expend resources," and "[a]ny reasonable estimation of discovery costs would result in a large dollar amount."  Hoboken Stay Order at 5–6.

*Third*, if the Third Circuit ultimately concludes that Defendants properly removed this action, this Court would then need to wrestle with the effects of any state court rulings made while the Remand Order was on appeal.  Among other things, the Court would need to revisit the scope of any discovery orders, determine whether and to what extent any discovery that was improperly ordered may be clawed back or subjected to protective orders, and evaluate the alleged relevance or persuasive force of any intervening merits orders issued by the state court.  This would create a "rat's nest of comity and federalism issues" that would need to be untangled if the Third Circuit reverses absent a stay in the interim.  *Northrop Grumman*, 2016 WL 3346349, at *4.

"District courts have been sensitive to concerns about forcing parties to litigate in two forums simultaneously when granting stays pending appeal."  *Id.*  Courts therefore routinely grant motions to stay remand orders pending appeal precisely because of the risk of inconsistent outcomes and other burdens posed by simultaneous litigation in state and federal courts.  *See, e.g.*, *id.* (entering stay because "[i]f th[e] order is not stayed, Plaintiff and Defendant will also both face the burden of having to simultaneously litigate the appeal before the Fourth Circuit and the underlying case in state court"); *Estate of Joseph Maglioli v. Andover Subacute Rehab. Ctr.*, 2021 WL 2525714, at *7 n.3 (D.N.J. June 18, 2021) (acknowledging that "the burden of simultaneous litigation and the potential for inconsistent outcomes constitutes irreparable harm").

## III.   The Balance of Harms Tilts Sharply in Defendants' Favor.

Where, as here, the government is the opposing party, "assessing the harm to the opposing party and weighing the public interest . . . merge."  *Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 256 (3d Cir. 2011), *as amended* (Mar. 7, 2012) (quoting *Nken v. Holder*, 556 U.S. 418,

435 (2009)). As an initial matter, Plaintiff will *not* be harmed if the Court grants Defendants'
Motion because, as the Court found in the Remand Order, *see* Remand Order at 3 n.4, Plaintiff
seeks no prospective injunctive relief, only monetary damages, which can, of course, be awarded
at any time. *See Minard Run Oil Co. v. Forest Service*, 670 F.3d 236, 255 (3d Cir. 2011) (holding
that pure economic injury, compensable in money, is not irreparable in nature). And as the District
of Maryland noted in granting a stay of proceedings in a similar climate change-related case, "the
outcome of this lawsuit cannot turn back the clock on the atmospheric and ecological processes
that defendants' activities have allegedly helped set in motion. The urgency of the threat of climate
change writ large is distinct from plaintiff's interest in a speedy determination of federal
jurisdiction in this suit." *City of Annapolis*, 2021 WL 2000469, at *4.

In fact, Plaintiff would benefit from a stay in many ways. Plaintiff would avoid the same
risk of harm from potentially inconsistent outcomes in remanded state court proceedings. *See*
*Raskas v. Johnson & Johnson*, 2013 WL 1818133, at *2 (E.D. Mo. Apr. 29, 2013). A stay would
conserve Plaintiff's resources—financial and otherwise—by allowing it to litigate Defendants'
appeal without being saddled with simultaneous state court litigation. *See Dalton v. Walgreen Co.*,
2013 WL 2367837, at *2 (E.D. Mo. May 29, 2013) ("[N]either party would be required to incur
additional expenses from simultaneous litigation."). And while "a stay would not permanently
deprive [Plaintiff] of access to state court," Defendants could "face[] a real chance that [their] right
to meaningful appeal will be permanently destroyed by an intervening state court judgment."
*Northrop Grumman*, 2016 WL 3346349, at *4.

As the District of Minnesota explained in granting a stay: "[T]he public also has an interest
in conserving resources by avoiding unnecessary or duplicative litigation, particularly where, as
here, the [court of appeals] will be addressing for the first time whether the state court has

jurisdiction to resolve the claims and redress the injuries alleged at all." *Minnesota*, 2021 WL 3711072, at *4. Courts frequently hold that "advancing judicial economy" and "conservation of judicial resources" are bases for a stay, and a stay here would indisputably promote those interests. *See Summa Four, Inc. v. AT&T Wireless Servs., Inc.*, 994 F. Supp. 575, 585 (D. Del. 1998); *Guenveur v. State Farm Mut. Auto. Ins. Co.*, 551 F. Supp. 1044, 1048 (D. Del. 1982) (granting stay where "judicial economy and simple good sense support the conclusion that a stay should be granted"). At bottom, "it makes sense for all parties to allow the [Third Circuit] to address these weighty jurisdictional issues prior to commencing litigation in state court." *Minnesota*, 2021 WL 3711072, at *4.

## CONCLUSION

For the foregoing reasons, execution of the Remand Order should be stayed pending appeal. If the Court declines to grant a stay pending appeal, Defendants respectfully request that it grant a temporary stay to preserve Defendants' right to seek a stay from the Third Circuit.

Respectfully submitted,

Dated: January 14, 2022

By: */s/ David E. Wilks*
David E. Wilks (Del. Bar I.D. 2793)

K&L GATES LLP
*/s/ Steven L. Caponi*
Steven L. Caponi (No. 3484)
Matthew B. Goeller (No. 6283)
600 N. King Street, Suite 901
Wilmington, DE 19801
Phone: (302) 416-7000
steven.caponi@klgates.com
matthew.goeller@klgates.com

KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.
David C. Frederick, *pro hac vice*
Grace W. Knofczynski, *pro hac vice*
Daniel S. Severson, *pro hac vice*
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7900
dfrederick@kellogghansen.com
gknofczynski@kellogghansen.com
dseverson@kellogghansen.com

*Counsel for Defendants Royal Dutch Shell
plc and Shell Oil Company*

ASHBY & GEDDES
*/s/ Catherine A. Gaul*
Catherine A. Gaul (#4310)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19801
(302) 654-1888
cgaul@ashbygeddes.com

ARNOLD & PORTER KAYE
SCHOLER LLP
Nancy G. Milburn, *pro hac vice*
Diana E. Reiter, *pro hac vice*
250 West 55th Street
New York, NY 10019-9710
Tel: (212) 836-8383
Fax: (212) 836-8689
nancy.milburn@arnoldporter.com
diana.reiter@arnoldporter.com

Jonathan W. Hughes, *pro hac vice*
3 Embarcadero Center, 10th Floor
San Francisco, CA 9411-4024

WILKS LAW, LLC
David E. Wilks
  dwilks@wilks.law
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805
Telephone: 302.225.0858

GIBSON, DUNN & CRUTCHER LLP
Theodore J. Boutrous, Jr., *pro hac vice*
William E. Thomson, *pro hac vice*
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520
tboutrous@gibsondunn.com
wthomson@gibsondunn.com

Andrea E. Neuman, *pro hac vice*
aneuman@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035

Thomas G. Hungar, *pro hac vice*
thungar@gibsondunn.com
1050 Connecticut Avenue, N.W.,
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

Joshua D. Dick, *pro hac vice*
jdick@gibsondunn.com
555 Mission Street
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendants
Chevron Corporation and Chevron U.S.A. Inc.*

MORRIS NICHOLS ARSHT & TUNNELL
*/s/ Kenneth J. Nachbar*
Kenneth J. Nachbar (#2067)
Alexandra M. Cumings (#6146)
1201 North Market Street, 16th Floor
P.O. Box 1347

Tel: (415) 471-3156
Fax: (415) 471-3400
jonathan.hughes@arnoldporter.com

Matthew T. Heartney, *pro hac vice*
John D. Lombardo, *pro hac vice*
777 South Figueroa Street, 44th Floor
Los Angeles, California  90017-5844
Tel: (213) 243-4000
Fax: (213) 243-4199
matthew.heartney@arnoldporter.com
john.lombardo@arnoldporter.com

*Attorneys for Defendants BP America Inc. and BP p.l.c.*

RICHARDS, LAYTON & FINGER, P.A.
*/s/ Jeffrey L. Moyer*
Jeffrey L. Moyer (#3309)
Christine D. Haynes (#4697)
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651-7700
moyer@rlf.com
haynes@rlf.com

CRAVATH, SWAINE & MOORE LLP
Kevin Orsini, *pro hac vice*
Vanessa A. Lavely, *pro hac vice*
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
E-mail: korsini@cravath.com
E-mail: vlavely@cravath.com

*Attorneys for Defendant Occidental Petroleum Corporation*

MARON MARVEL BRADLEY
    ANDERSON & TARDY LLC
*/s/ Antoinette D. Hubbard*
Antoinette D. Hubbard (No. 2308)
Stephanie A. Fox (No. 3165)
1201 N. Market Street, Suite 900
P.O. Box 288
Wilmington, DE 19801
Tel: (302) 425-5177
Adh@maronmarvel.com

Wilmington, DE 19899-1347
Tel.:  (302) 658-9200
Fax:  (302) 422-3013
knachbar@mnat.com
acumings@mnat.com

EIMER STAHL LLP
Nathan P. Eimer, *pro hac vice*
Pamela R. Hanebutt, *pro hac vice*
Lisa S. Meyer, *pro hac vice*
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Tel: (312) 660-7600
neimer@eimerstahl.com
phanebutt@eimerstahl.com
lmeyer@eimerstahl.com

Robert E. Dunn, *pro hac vice*
99 S. Almaden Blvd. Suite 662
San Jose, CA 95113
Tel: (669) 231-8755
rdunn@eimerstahl.com

*Attorneys for Defendant CITGO Petroleum Corporation.*

ECKERT SEAMANS CHERIN &
MELLOTT, LLC
*/s/ Colleen D. Shields*
Colleen D. Shields, Esq. (I.D. No. 3138)
Patrick M. Brannigan, Esq. (I.D. No. 4778)
222 Delaware Avenue, 7th Floor
Wilmington, DE 19801
Telephone:  (302) 574-7400
Fax:  (302) 574-7401
Email:  cshields@eckertseamans.com
Email: arogin@eckertseamans.com

SHOOK, HARDY & BACON L.L.P.
Tristan L. Duncan, *pro hac vice*
Daniel B. Rogers, *pro hac vice*
William F. Northrip, *pro hac vice*
2555 Grand Blvd.
Kansas City, MO 64108
Phone:  (816) 474-6550
Email:  tlduncan@shb.com
Email:  drogers@shb.com
Email:  wnorthrip@shb.com

*Attorneys for Defendant Murphy USA Inc.*

22

Saf@maronmarvel.com

HUNTON ANDREWS KURTH LLP
Shannon S. Broome, *pro hac vice*
Ann Marie Mortimer, *pro hac vice*
50 California Street
San Francisco, CA 94111
Tel: (415) 975-3718
SBroome@HuntonAK.com
AMortimer@HuntonAK.com

Shawn Patrick Regan, *pro hac vice*
200 Park Avenue
New York, NY 10166
Tel: (212) 309-1046
SRegan@HuntonAK.com

*Attorneys for Defendants Marathon Petroleum Corporation, Marathon Petroleum Company LP, and Speedway LLC*

WHITE AND WILLIAMS LLP
*/s/ Christian J. Singewald*
CHRISTIAN J. SINGEWALD (#3542)
600 N. King Street
Suite 800
Wilmington, DE 19801
(302) 654-0424

MCGUIREWOODS LLP
Joy C. Fuhr
Brian D. Schmalzbach
W. Cole Geddy
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-1000
Email: jfuhr@mcguirewoods.com
Email: bschmalzbach@mcguirewoods.com
Email: cgeddy@mcguirewoods.com

*Attorneys for Defendant Devon Energy Corporation*

CHIPMAN BROWN CICERO & COLE, LLP
*/s/ Paul D. Brown*
Paul D. Brown (#3903)
Hercules Plaza
1313 N. Market Street, Suite 5400
Wilmington, DE 19801
Tel.: (302) 295-0194

WOMBLE BOND DICKINSON (US) LLP
*/s/ Kevin J. Mangan*
Kevin J. Mangan (DE No. 3810)
Kristen H. Cramer (DE No. 4512)
Nicholas T. Verna (DE No. 6082)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: kevin.mangan@wbd-us.com
Email: kristen.cramer@wbd-us.com
Email: nick.verna@wbd-us.com

MCGUIREWOODS LLP
Andrew G. McBride  *pro hac vice*
2001 K Street N.W.
Washington, D.C. 20006
Telephone: (202) 857-1700
Email: amcbride@mcguirewoods.com

*Attorneys for American Petroleum Institute*

DUANE MORRIS LLP
*/s/ Mackenzie M. Wrobel*
Mackenzie M. Wrobel (#6088)
1201 N. Market Street, Suite 501
Wilmington, DE 19801-1160
Telephone:  (302) 657-4900
E-mail:  MMWrobel@duanemorris.com

SHOOK HARDY & BACON LLP
Michael F. Healy, *pro hac vice*
555 Mission Street, Suite 2300
San Francisco, CA  94105
Telephone: (415) 544-1942
E-mail: mfhealy@shb.com

DUANE MORRIS LLP
Michael L. Fox, *pro hac vice*
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone: (415) 957-3092
E-mail: MLFox@duanemorris.com

*Attorneys for Defendant*
*OVINTIV INC.*

MCCARTER & ENGLISH LLP
*/s/ Daniel J. Brown*

23

brown@ChipmanBrown.com

CROWELL & MORING LLP
Kathleen Taylor Sooy, *pro hac vice*
Tracy A. Roman, *pro hac vice*
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel.: (202) 624-2500
ksooy@crowell.com
troman@crowell.com

Honor R. Costello, *pro hac vice*
590 Madison Avenue, 20th Fl.
New York, NY 10022
Tel.: (212) 223-4000
hcostello@crowell.com

*Attorneys for Defendant CONSOL Energy Inc.*

CHIPMAN BROWN CICERO & COLE, LLP
*/s/ Paul D. Brown*
Paul D. Brown
Hercules Plaza
1313 N. Market Street, Suite 5400
Wilmington, DE 19801
Telephone: (302) 295-0194
E-mail: brown@ChipmanBrown.com

JONES DAY
Noel J. Francisco
David M. Morrell
J. Benjamin Aguiñaga
51 Louisiana Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700
E-mail:  njfrancisco@jonesday.com
E-mail:  dmorrell@jonesday.com
E-mail:  jbaguinaga@jonesday.com

David C. Kiernan
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:  (415) 626-3939
Facsimile:  (415) 875-5700
E-mail:  dkiernan@jonesday.com

*Attorneys for Defendant CNX Resources Corp.*

Michael P. Kelly (#2295)
Daniel J. Brown (#4688)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King St., 8th Floor
Wilmington, DE 19801
(302) 984-6331
mkelly@mccarter.com
djbrown@mccarter.com
ajoyce@mccarter.com

LATHAM & WATKINS LLP
Steven M. Bauer, *pro hac vice*
Margaret A. Tough, *pro hac vice*
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
(415) 391-0600
steven.bauer@lw.com
margaret.tough@lw.com

BARTLIT BECK LLP
Jameson R. Jones, *pro hac vice*
Daniel R. Brody, *pro hac vice*
1801 Wewatta Street, Suite 1200
Denver, CO 80202
(303) 592-3123
jameson.jones@bartlit-beck.com
dan.brody@bartlit-beck.com

*Attorneys for Defendants ConocoPhillips and ConocoPhillips Company*

MCCARTER & ENGLISH LLP
*/s/ Daniel J. Brown*
Michael P. Kelly (#2295)
Daniel J. Brown (#4688)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King St., 8th Floor
Wilmington, DE 19801
(302) 984-6331
mkelly@mccarter.com
djbrown@mccarter.com
ajoyce@mccarter.com

LATHAM & WATKINS LLP
Steven M. Bauer, *pro hac vice*
Margaret A. Tough, *pro hac vice*
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
(415) 391-0600
steven.bauer@lw.com

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
 */s/ Matthew D. Stachel*
Daniel A. Mason (#5206)
Matthew D. Stachel (#5419)
500 Delaware Avenue, Suite 200
Post Office Box 32
Wilmington, DE 19899-0032
Tel.:  (302) 655-4410
Fax:  (302) 655-4420
dmason@paulweiss.com
mstachel@paulweiss.com

Theodore V. Wells, Jr., *pro hac vice*
Daniel J. Toal, *pro hac vice*
Yahonnes Cleary, *pro hac vice*
Caitlin E. Grusauskas, *pro hac vice*
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.:  (212) 373-3000
Fax:  (212) 757-3990
twells@paulweiss.com
dtoal@paulweiss.com
ycleary@paulweiss.com
cgrusauskas@paulweiss.com

*Attorneys for Defendants Exxon Mobil
Corporation, ExxonMobil Oil Corporation,
and XTO Energy Inc.*

RICHARDS LAYTON & FINGER, P.A.
 */s/ Robert W. Whetzel*
Robert W. Whetzel (#2288)
Tel: (302) 651-7634
Fax: (302) 651-7701
One Rodney Square
902 North King Street
Wilmington, DE 19801
whetzel@rlf.com

VINSON & ELKINS L.L.P.
Patrick W. Mizell, *pro hac vice*
Matthew R. Stamme, *pro hac vice*
Stephanie L. Noble, *pro hac vice*
Brooke A. Noble, *pro hac vice*
1001 Fannin Street, Suite 2500
Houston, Texas 77002
Tel: (713) 758-2932
Fax: (713) 615-9935
pmizell@velaw.com
mstammel@velaw.com

margaret.tough@lw.com

*Attorneys for Defendants Phillips 66 and
Phillips 66 Company*

ABRAMS & BAYLISS LLP
*/s/ Michael A. Barlow*
Michael A. Barlow (#3928)
20 Montchanin Road, Suite 200
Wilmington, Delaware 19807
(302) 778-1000
barlow@abramsbayliss.com

ORRICK, HERRINGTON & SUTCLIFFE
LLP
Robert P. Reznick, *pro hac vice*
1152 15th Street NW
Washington, DC 20005
(202) 339-8600
rreznick@orrick.com

James Stengel, *pro hac vice*
Marc R. Shapiro, *pro hac vice*
51 West 52nd Street
New York, New York 10019-6142
(212) 506-5000
jstengel@orrick.com

Catherine Y. Lui, *pro hac vice*
405 Howard Street
San Francisco, California 94105-2669
(415) 773-5571
clui@orrick.com

*Attorneys for Marathon Oil Corporation*

RICHARDS, LAYTON & FINGER, P.A.
*/s/ Robert W. Whetzel*
Robert W. Whetzel (#2288)
Blake Rohrbacher (#4750)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
302-651-7700
whetzel@rlf.com

KIRKLAND & ELLIS LLP
Anna Rotman, P.C., *pro hac vice*
609 Main Street
Suite 4500
Houston, TX 77002

snoble@velaw.com
bnoble@velaw.com

Mortimer H. Hartwell, *pro hac vice*
555 Mission Street, Suite 2000
San Francisco, CA 94105
Tel: (415) 979-6930
Fax: (415) 807-3358
mhartwell@velaw.com

*Attorneys for Apache Corporation*


WHITE AND WILLIAMS LLP
*/s/ Joseph J. Bellew*
Joseph J. Bellew (#4816)
600 N. King Street, Suite 800
Wilmington, DE 19801-3722
Telephone: (302) 467-4532
Facsimile: (302) 467-4540
Email: bellewj@whiteandwilliams.com

BAKER BOTTS L.L.P.
J. Scott Janoe, *pro hac vice*
910 Louisiana Street, Suite 3200
Houston, Texas 77002-4995
Telephone: (713) 229-1553
Facsimile: (713) 229-7953
Email: scott.janoe@bakerbotts.com

Megan Berge, *pro hac vice*
700 K Street, N.W.
Washington, D.C. 20001-5692
Telephone: (202) 639-1308
Facsimile: (202) 639-1171
Email: megan.berge@bakerbotts.com

*Attorneys for Defendant HESS
CORPORATION*


WHITE AND WILLIAMS LLP
*/s/ Joseph J. Bellew*
Joseph J. Bellew (#4816)
600 N. King Street, Suite 800
Wilmington, DE 19801-3722
Telephone: (302) 467-4532
Facsimile: (302) 467-4540
Email: bellewj@whiteandwilliams.com

BAKER BOTTS L.L.P.
J. Scott Janoe, *pro hac vice*
910 Louisiana Street, Suite 3200

713-836-3750
anna.rotman@kirkland.com

*Attorneys for Defendants Total S.A. and Total
Specialties USA Inc.*

Houston, Texas 77002-4995
Telephone: (713) 229-1553
Facsimile: (713) 229-7953
Email: scott.janoe@bakerbotts.com

Megan Berge, *pro hac vice*
700 K Street, N.W.
Washington, D.C. 20001-5692
Telephone: (202) 639-1308
Facsimile: (202) 639-1171
Email: megan.berge@bakerbotts.com

*Attorneys for Defendant MURPHY OIL
CORPORATION*