IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, ex rel.<br>KATHLEEN JENNINGS,<br>Attorney General of the State of Delaware,<br><br>Plaintiff,<br><br>v.<br><br>BP AMERICA INC., BP P.L.C., CHEVRON CORPORATION, CHEVRON U.S.A. INC., CONOCOPHILLIPS, CONOCOPHILLIPS COMPANY, PHILLIPS 66, PHILLIPS 66 COMPANY, EXXON MOBIL CORPORATION, EXXONMOBIL OIL CORPORATION, XTO ENERGY INC., HESS CORPORATION, MARATHON OIL CORPORATION, MARATHON OIL COMPANY, MARATHON PETROLEUM CORPORATION, MARATHON PETROLEUM COMPANY LP, SPEEDWAY LLC, MURPHY OIL CORPORATION, MURPHY USA INC., ROYAL DUTCH SHELL PLC, SHELL OIL COMPANY, CITGO PETROLEUM CORPORATION, TOTAL S.A., TOTALENERGIES MARKETING USA, INC., OCCIDENTAL PETROLEUM CORPORATION, DEVON ENERGY CORPORATION, APACHE CORPORATION, CNX RESOURCES CORPORATION, CONSOL ENERGY INC., OVINTIV, INC., and AMERICAN PETROLEUM INSTITUTE,<br><br>Defendants. | C.A. No. 20-1429-LPS |

## MEMORANDUM ORDER

WHEREAS, on September 10, 2020, the State of Delaware ("Plaintiff") sued numerous major corporations having operations in the fossil fuel industry (collectively, "Defendants") in the Delaware Superior Court (*see generally* D.I. 1-1);

1

WHEREAS, on October 23, 2020, Defendants removed this case from the Delaware Superior Court to this Court (D.I. 1);

WHEREAS, on November 20, 2020, Plaintiff filed a motion to remand, seeking remand of this case back to the Delaware Superior Court (D.I. 86);

WHEREAS, on January 5, 2022, the Court issued a memorandum opinion and order, granting Plaintiff's motion to remand and directing the Clerk of Court to remand this case to the Delaware Superior Court (D.I. 120, 121);

WHEREAS, also on January 5, 2022, shortly after the Court issued the memorandum opinion and order, Defendants filed an emergency motion for a temporary stay of execution of the remand order, "to allow Defendants time to file a formal motion to stay remand pending appeal" (D.I. 122);

WHEREAS, on January 13, 2022, Defendants appealed the Court's order (D.I. 121) to the United States Court of Appeals for the Third Circuit (D.I. 124);

WHEREAS, on January 14, 2022, Plaintiff filed a brief (D.I. 125), objecting to Defendants' emergency motion to stay the execution of the remand order;

WHEREAS, on January 14, 2022, Defendants filed an opening brief in support of a motion to stay the execution of the remand order "until the Third Circuit resolves Defendants' appeal" (D.I. 127);

WHEREAS, on January 21, 2022, the Court determined that Defendants' emergency motion for a temporary stay was moot, in view of the facts that "(1) the Clerk of Court [had] not remanded the case to the Delaware Superior Court, and (2) Defendants [had] filed an opening brief on a joint [defense] motion to stay execution of remand order pending appeal" (D.I. 129);

WHEREAS, on January 25, 2022, Plaintiff filed a brief (D.I. 131), objecting to Defendants' motion to stay the execution of the remand order pending appeal;

WHEREAS, on February 1, 2022, Defendants filed a reply brief (D.I. 132);[1]

WHEREAS, the Court has considered the parties' submissions filed in connection with Defendants' motion to stay the execution of the remand order pending appeal (*see, e.g.*, D.I. 127, 131, 132);

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants' motion (D.I. 127) is GRANTED. The execution of the remand order (D.I. 121) is hereby STAYED until the Third Circuit issues its ruling in the appeal from that order.

1. "Whether or not to stay litigation is a matter committed to the discretion of the district court as part of its inherent power to conserve judicial resources by controlling its docket." *Shockley v. Minner*, 2011 WL 13374458, at *1 (D. Del. Sept. 26, 2011) (citing *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985)). In exercising this discretion, the Court must "weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). When deciding whether to grant a stay pending appeal, the Court considers the following factors: "(1) whether the appellant has made a strong showing of the likelihood of success on the merits; (2) will the appellant suffer irreparable injury absent a stay; (3) would a stay substantially harm other parties with an interest in the litigation; and (4) whether a stay is in the public interest." *In re Revel AC, Inc.*, 802 F.3d 558, 565 (3d Cir. 2015).

---

[1] Defendants appear to request, in the alternative, that "[a]t a minimum, the Court should grant a temporary stay to preserve Defendants' right to seek a stay from the Third Circuit." (D.I. 132 at 3) Given the Court's ruling, it need not consider this alternative request.

2. With respect to the likelihood of success, "a sufficient degree of success for a strong showing exists if there is a reasonable chance, or probability, of winning." *Id.* at 568 (internal quotation marks omitted). "[W]hile it is not enough that the chance of success on the merits be better than negligible, the likelihood of winning on appeal need not be more likely than not." *Id.* at 569 (internal citation and quotation marks omitted). Under the "sliding-scale" approach, "the necessary 'level' or 'degree' of possibility of success will vary according to the [C]ourt's assessment of the other stay factors." *Id.* (internal quotation marks omitted).

The burden of showing the likelihood of success is reduced in this case because – as the Court will explain – the other stay factors weigh in favor of granting Defendants' motion, and Defendants have satisfied the applicable lowered burden with respect to the likelihood of success. The litigation surrounding Plaintiff's motion to remand presents a host of novel and complex issues of federal removal jurisdiction. While this Court, along with several other federal district courts, has addressed and rejected each of Defendants' grounds for removal, these rulings – with the exception of the rulings on the federal officer removal statute – have been subject to little or no appellate review.[2] The Court agrees with Defendants that the issue of whether federal courts can exercise removal jurisdiction over climate change-related state-law claims leaves "reasonable room for disagreement." (D.I. 127 at 9; *see also e.g.*, *Minnesota v. Am. Petroleum Inst.*, 2021 WL 3711072, at *4 (D. Minn. Aug. 20, 2021) ("This is not a case of applying thoroughly developed law to well-tread factual patterns."); *City of Annapolis v. BP P.L.C.*, 2021 WL 2000469, at *4 (D. Md. May 19, 2021) (finding "legal landscape is shifting

---

[2] In similar climate change-related cases, the issues of removal on the grounds of federal common law and *Grable* jurisdiction have been reviewed by the Ninth Circuit only. *See City of Oakland v. BP PLC*, 969 F.3d 895 (9th Cir. 2020). The issue of removal based on the Outer Continental Shelf Lands Act ("OCSLA") has not been reviewed by any court of appeals.

beneath [our] feet" on questions of proper forum for adjudicating harms related to climate change))

Additionally, in light of the Supreme Court's decision of *BP P.L.C. v. Mayor of Baltimore*, 141 S. Ct. 1532 (2021), this Court's remand order will be subject to plenary appellate review on all the removal grounds raised by Defendants. Multiple appellate courts, including the First, Second, Third, Fourth, Eighth, Ninth, and Tenth Circuits, are currently considering many of Defendants' removal grounds for the first time. (*See* D.I. 132 at 1) In particular, each of Defendants' removal grounds raises an issue of first impression for the Third Circuit, which will soon address them in *City of Hoboken v. Chevron Corp.* (No. 21-2728) and in the appeal from this case. Recognizing that Defendants need only prevail on one of these grounds in order to defeat the remand, the Court finds that Defendants have made the necessary showing of a likelihood of success on appeal.

3. Defendants have also demonstrated that they would likely suffer irreparable harm absent a stay pending appeal. Unlike an interlocutory appeal, which is not filed as a matter of right and may be taken by the court of appeals "in its discretion," 28 U.S.C. § 1292(b), Defendants' appeal from the Court's remand order is guaranteed by statute. *See* 28 U.S.C. § 1447(d) ("[A]n order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title ***shall*** be reviewable by appeal or otherwise.") (emphasis added); *see also Baltimore*, 141 S. Ct. at 1538 (holding that § 1447(d) "authorizes a court of appeals to review each and every" ground for removal). Defendants' statutory right to appeal could be effectively eliminated (or at least seriously jeopardized) by a premature remand, causing irreparable harm.

Without a stay, the case would be remanded to the Delaware Superior Court and Defendants would need to litigate the merits of Plaintiff's claims in state court while simultaneously pressing their appeal in the Third Circuit. During the pendency of the appeal, the Delaware Superior Court could (and would be within its rights to) rule on various substantive and procedural motions, including dispositive motions that require the adjudication of the parties' claims and defenses. There may be no practical way to "un-ring the bell" of the state court's intervening rulings if the Third Circuit ultimately determines that the case should proceed in federal court. Thus, in the Court's view, the likelihood of irreparable injury is real and not – as Plaintiff contends – "highly speculative." (D.I. 131 at 8-9; *see also Minnesota*, 2021 WL 3711072, at *3 ("[D]ispositive resolution of the claims pending full appellate review would constitute a concrete and irreparable injury . . . .")) Plaintiff points to a statute authorizing a district court to dissolve or modify injunctions, orders, and all other proceedings occurring in state court prior to removal. (*See* D.I. 131 at 15; *see also* 28 U.S.C. § 1450) That statute, however, does not (at least on its face) address actions taken by a state court in a post-removal remand that is later overturned. (*See* D.I. 132 at 8) As such, prematurely remanding the case to the state court without an appellate decision on the proper forum could very well cause a concrete and irreparable injury to Defendants, as it would "defeat the very purpose of permitting an appeal and leave a defendant who prevails on appeal holding an empty bag." *Forty Six Hundred LLC v. Cadence Educ., LLC*, 15 F.4th 70, 79 (1st Cir. 2021); *see also Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 2016 WL 3346349, at *4 (E.D. Va. June 16, 2016) (finding "severe and irreparable harm if no stay is issued" because "an intervening state court judgment or order could render the appeal meaningless").

6

4. A stay pending appeal in this case will not substantially harm Plaintiff and will serve the public interest. The parties agree that where, as here, the government is the party opposing a preliminary injunction, "assessing the harm to the opposing party and weighing the public interest ... merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009). In this case, the Court is granting a stay only until the Third Circuit issues its ruling in the appeal from the remand order. Any further attempt to delay the execution of the remand order would require a re-evaluation of the balance of the stay factors, which may shift over time. Thus, while the public has an interest in swift resolution of legal disputes, the limited stay authorized by this order will not "indefinitely delay this case," contrary to Plaintiff's protestations. (*See* D.I. 131 at 19) Instead, as Defendants persuasively observe, "the stay in this case would be no more 'indefinite' than any other stay pending appeal – the stay will end when the appeal is resolved, as is the case with all stays pending appeal." (D.I. 132 at 9) The Court is cognizant that "there is a risk documentary and testimonial discovery materials will be lost, and memories will fade" with the passage of time (D.I. 131 at 18), but finds that a relatively short pause of this likely lengthy litigation will not substantially harm Plaintiff's ability to prosecute its case.[3]

The interests of judicial economy and the conservation of public resources strongly favor a stay. The public interest would be best served by avoiding the possibility of unnecessary or duplicative litigation and concentrating resources on litigating Plaintiff's claims in the proper forum after the Third Circuit determines the jurisdictional issues presented in this case. *See Minnesota*, 2021 WL 3711072, at *4; *City of Hoboken v. Exxon Mobil Corp.*, No. 20-cv-14243, slip op. at 5 (D.N.J. Dec. 15, 2021) ("[C]onsideration of judicial economy and conservation of

---

[3] Also relevant to the Court's calculation is the fact, pointed out by Defendants, that Plaintiff waited for approximately three years after the first state or locality filed a climate change-related lawsuit before bringing its case. (*See* D.I. 132 at 10)

7

resources also weigh in favor of granting Defendants' motion [to stay pending appeal]."). While the Court shares Plaintiff's confidence that, on remand, the Delaware Superior Court could consider the concerns of conserving judicial resources (*see* D.I. 131 at 19), federal judicial resources have been – and are continuing to be – expensed on this case, so it is at least equally appropriate for this Court to have conducted the appropriate balancing and reached the conclusions it has.

For all of the foregoing reasons, the Court will stay the execution of the remand order (D.I. 121) until the Third Circuit issues its ruling in the appeal from that order.

February 8, 2022
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE